UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 860, | * | Case No. _____ |
| and | * | |
| ROBERT BLATNICA, MARINO BRADY, JOSEPH P. CARDARELLA, DWANE CLAGGETT, ROBERT CONTE, CHARLES COOK, JOSEPH CORBO, MICHAEL J. DEL-ZOPPO, ANGELO DINUNZIO, DAVID EATHRIDGE, KURT B. EATON, JOE GANTOUS, MICHAEL GIAMPAOLO, RON GOLDBERG, HENRY HAIRSTON, MICHAEL HAYES, MICHAEL ILIANO, MATTHEW LOBUE, ROBERT LAMONICA, ROBERT MANDATO, JR., ANTHONY PALMISANO, ROBERT PERSINGER, CARMONE PINZONE, FRANK PEYSER, CHARLES RICE, MALCOM ROBERTSON, GARY STEWART, ROBERT SVHADOLNIK, ROLAND F. VLIZZI, ANTHONY WARD, AND BRANDON WILLIAMS, *on behalf of themselves and all those similarly situated*, | * | COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND |
| *Plaintiffs*, | * | |
| v. | * | |
| CITY OF CLEVELAND HEIGHTS, OHIO, c/o City Manager Tanisha R. Briley and Law Director James Juliano, 40 Severance Circle, Cleveland Heights, Ohio 44118 | * | |
| *Defendant.* | * | |

Plaintiffs, by and through undersigned counsel, state their Complaint against the City of Cleveland Heights, Ohio ("Defendant") as follows:

**INTRODUCTION**

1. This collective action challenges Defendant's practices and policies of failing to include longevity pay in Plaintiffs ROBERT BLATNICA, MARINO BRADY, JOSEPH P. CARDARELLA, DWANE CLAGGETT, ROBERT CONTE, CHARLES COOK, JOSEPH CORBO, MICHAEL J. DEL-ZOPPO, ANGELO DINUNZIO, DAVID EATHRIDGE, KURT B. EATON, JOE GANTOUS, MICHAEL GIAMPAOLO, RON GOLDBERG, HENRY HAIRSTON, MICHAEL HAYES, MICHAEL ILIANO, MATTHEW LOBUE, ROBERT LAMONICA, ROBERT MANDATO, JR., ANTHONY PALMISANO, ROBERT PERSINGER, CARMONE PINZONE, FRANK PEYSER, CHARLES RICE, MALCOM ROBERTSON, GARY STEWART, ROBERT SVHADOLNIK, ROLAND F. VLIZZI, ANTHONY WARD, and BRANDON WILLIAMS ("Plaintiff Employees") and similarly situated employees' ("SSE") regular rates of pay. By failing to do so, Defendant has willfully failed to pay Plaintiff Employees and SSEs overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff Laborers International Union of North America, Local Union No. 860 ("Local 860") is the exclusive bargaining representative for Plaintiff Class Representatives and SSEs and, in that capacity, requests injunctive relief preventing the City of Cleveland Heights from violating the FLSA.

2. Plaintiffs seek a declaration of the illegality of Defendant's conduct, and Plaintiff Employees seek back pay, liquidated damages, interest, and reimbursement

2

of their costs and attorneys' fees in prosecuting this action under the FLSA. Further, Plaintiff Employees seek their unpaid wages and liquidated damages under R.C. 4113.15. Plaintiff Employees' allegations as to their own acts are based on personal knowledge and other allegations are made upon information and belief.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over Plaintiffs' individual and collective action FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Further, this Court has supplemental jurisdiction over the Ohio-law claim under 28 U.S.C. § 1367(a) because it is so related to the FLSA claim that it forms part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts operations within this District and because a substantial part of the events and omissions giving rise to the claims occurred in this District.

**PARTIES**

5. At all relevant times, each Plaintiff was a resident of the United States and resided in the State of Ohio.

6. Plaintiff Local 860 has, at all times relevant hereto,[1] been a bona fide organization of labor representing employees of Defendant working within the Department of Public Works in the following classifications: Building & Parks

---

[1] In 2018, Plaintiff Local 860 became the new collective bargaining representative of this bargaining unit of employees who were previously represented by the National Production Workers Union, Local 707. Plaintiff Local 860 and Defendant City of Cleveland Heights have been operating under the terms of the most recent Local 707 collective bargaining agreement, while they are negotiating a new agreement. Negotiations for a new agreement are still ongoing.

3

Maintenance. Worker, Climber, Driver, Equipment Operator, Foreman, Forestry Technician, Laborer, Mechanic, Parking Meter Worker, Refuse Truck Operator, Sanitation Helper, Senior Mechanic, Service Dispatcher, Street & Sewer Worker, Tractor Trailer Op. – 18 Wheels, Tradesman, Traffic Sign Maker, Vehicle Body Maintenance, Vehicle Maintenance. Worker, Water Maintenance Worker, and Welder ("Bargaining Unit Positions").

7. One of Plaintiff Local 860's primary functions is that it exists in whole or in part for the purpose of representing its members concerning their wages, hours, or terms and conditions of employment. As such, any matter concerning its members' wages is germane to Plaintiff Local 860's purpose.

8. Plaintiff Local 860 was, at all times relevant herein, authorized to represent employees of Defendant in Bargaining Unit Positions, including the Plaintiff Employees and SSEs.

9. Plaintiff Local 860 has associational/organizational standing to pursue declaratory and/or injunctive relief as to the illegality of Defendant's conduct as alleged herein.

10. At all times relevant herein, each Plaintiff Employee and SSE was an employee within the meaning of 29 U.S.C. § 203 (e).

11. At all times relevant herein, Defendant conducted operations in Cuyahoga County, Ohio.

12. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

13. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

14. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Written consents to join this action as to Count I, as and when executed by SSEs in Bargaining Unit Positions, will be filed pursuant to 29 U.S.C. § 216(b). Plaintiff Employees' executed consent forms are attached as Exhibit 1.

## FACTUAL ALLEGATIONS

16. The Defendant City of Cleveland Heights, Ohio is a political subdivision.

17. At all times relevant, Plaintiff Employees and SSEs were employed by Defendant in Bargaining Unit Positions.

18. Plaintiff Employees all currently work for Defendant in Bargaining Unit Positions.

19. Plaintiff Employees and SSEs have been employed by Defendant in Bargaining Unit Positions within the last three years.

20. Payment of longevity pay to Plaintiff Employees and SSEs in Bargaining Unit Positions, under Defendant's collective bargaining agreement with Local 860 (formerly with the National Production Workers Union, Local 707 – as noted above) over the last three years, was mandatory in nature and, thus, was required to be included in Plaintiff Employees and SSEs' regular rate of pay.

21. Defendant failed to include longevity pay in Plaintiff Employees and SSEs' regular rates of pay.

22. Defendant knowingly and willfully failed to pay Plaintiff Employees and SSEs the proper amount of overtime compensation through the date of this Complaint.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff Employees bring Count I of this action on their own behalf pursuant to 29 U.S.C. § 216(b) and on behalf of all SSEs in Bargaining Unit Positions who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

24. The class that Plaintiff Employees seek to represent and for whom Plaintiff Employees seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff Employees are themselves members, is composed of and defined as follows:

> All former and current employees employed by Defendant City of Cleveland Heights in Bargaining Unit Positions that received longevity pay at any time between January 1, 2016 and the present.

25. Plaintiff Employees are unable to state at this time the exact size of the potential class, but upon information and belief, aver that it consists of at least 100 employees.

26. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

27. In addition to Plaintiff Employees, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.

28. Plaintiff Employees are representative of those other employees and are acting on behalf of their interests as well as their own interests in bringing this action.

29. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

**COUNT I – FLSA VIOLATIONS**

30. Plaintiffs incorporate by reference and re-allege the foregoing allegations as if fully rewritten herein.

31. Defendant's practice and policy of failing to include longevity pay in the Plaintiff Employees and SSEs' regular rates of pay violated the FLSA, 29 U.S.C. §§ 201-219.

32. Defendant's practice and policy of not paying Plaintiff Employees and SSEs overtime compensation at a rate of one and one-half times their regular rate of pay for the hours they work and worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

33. By engaging in the above-mentioned activities, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

34. As a result of Defendant's practices and policies, Plaintiff Employees and SSEs have been damaged in that they have not received overtime wages due to them pursuant to the FLSA.

35. Plaintiff Employees and SSEs were denied additional overtime compensation based on longevity pay, which should have been included in the calculation of their regular rates of pay pursuant to the FLSA, 29 U.S.C. § 207 and 29 CFR § 778.209(a).

**COUNT II – R.C. 4113.15 VIOLATIONS**

36. Plaintiffs incorporate by reference and re-allege the foregoing allegations as if fully rewritten herein.

37. Defendant failed to pay Plaintiff Employees and SSEs their proper wages within the statutory time period under R.C. 4113.15(A).

38. To date, Defendant has failed to pay all wages due and owing to Plaintiff Employees and SSEs.

39. Because Defendant Employer failed to pay Plaintiff Employees and SSEs their wages within the time period specified under R.C. 4113.15(A), Plaintiff Employees and SSEs a seek their wages that remain unpaid plus liquidated damages required by statute.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs and all those similarly situated collectively pray that the Court:

a.  issue an order permitting this litigation to proceed as a collective action;

b.  order prompt notice, under 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

c.  award Plaintiff Employees and the class they represent actual damages for unpaid overtime compensation;

d.  award Plaintiffs and the class they represent liquidated damages in an amount equal to the unpaid overtime compensation found due to Plaintiff Employees and the class;

e.  award Plaintiffs and the class they represent pre- and post-judgment interest at the statutory rate, as well as damages under R.C. 4113.15;

f.  award Plaintiffs and the class they represent attorneys' fees, costs, and

disbursements;

    g.   award injunctive relief preventing further violation of the FLSA; and

    h.   award Plaintiffs and the class they represent further and additional relief as this Court deems just and proper.

        Respectfully submitted,

        MANGANO LAW OFFICES CO., L.P.A.

        s/Basil W. Mangano

        _____

        Basil W. Mangano (0066827) [Trial Attorney]
        Joseph J. Guarino (0079260)
        2460 Fairmount Blvd., Suite 225
        Cleveland Heights, Ohio 44106
        T: (216) 397-5844
        F: (216) 397-5845
        bmangano@bmanganolaw.com
        jguarino@bmanganolaw.com

        - and –

        Ryan K. Hymore (0080750)
        3805 Edwards Road, Suite 550
        Cincinnati, Ohio 45209
        T: (513) 255-5888
        F: (216) 397-5845
        rkhymore@bmanganolaw.com

        *Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims and issues.

        s/Basil W. Mangano

        _____

        Basil W. Mangano
        *Counsel for Plaintiffs*