## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 860, | ) ) ) | CASE NO.  1:19 cv 1136 |
| | ) | JUDGE Christopher A. Boyko |
| AND | ) ) | MAGISTRATE JUDGE David A. Ruiz |
| | ) | |
| ROBERT BLATNICA, MARINO BRADY, JOSEPH P. CARDARELLA, DWANE CLAGGETT, ROBERT CONTE, CHARLES COOK, JOSEPH CORBO, MICHAEL J. DEL-ZOPPO, ANGELO DINUNZIO, DAVID EATHRIDGE, KURT B. EATON, JOE GANTOUS, MICHAEL GIAMPAOLO, RON GOLDBERG, HENRY HAIRSTON, MICHAEL HAYES, MICHAEL ILIANO, MATTHEW LOBUE, ROBERT LAMONICA, ROBERT MANDATO, JR., ANTHONY PALMISANO, ROBERT PERSINGER, CARMONE PINZONE, FRANK PEYSER, CHARLES RICE, MALCOM ROBERTSON, GARY STEWART, ROBERT SVHADOLNIK, ROLAND F. VLIZZI, ANTHONY WARD, AND BRANDON WILLIAMS, on behalf of themselves and all those similarly situated | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE** |
| | ) | |
| *Plaintiffs,* | ) ) | |
| *v.* | ) ) | |
| | ) | |
| CITY OF CLEVELAND HEIGHTS, OHIO, | ) ) | |
| *Defendant.* | ) | |

Pursuant to an agreement reached between the parties providing for this joint motion,

Plaintiffs, Laborers International Union or North America, Local Union No. 860 ("Laborers Local

860"), on behalf of itself and the 73 individuals who have filed consent forms with the Court and

{00987467-5 }

are included in this settlement (collectively "Plaintiffs"), and Defendant City of Cleveland Heights (the "City" or "Defendant") respectfully request the Court's approval of the Settlement Agreement, specifically, the settlement allocations provided for therein as well as the request for attorneys' fees/costs and approval of the attached exhibits.

## I.   PROCEDURAL BACKGROUND

On May 17, 2019, Plaintiffs Laborers Local 860 and Robert Blatnica, Marino Brady, Joseph P. Cardarella, Dwane Claggett, Robert Conte, Charles Cook, Joseph Corbo, Michael J. Del-Zoppo, Angelo Dinunzio, David Eathridge, Kurt B. Eaton, Joe Gantous, Michael Giampaolo, Ron Goldberg, Henry Hairston, Michael Hayes, Michael Iliano, Matthew Lobue, Robert Lamonica, Robert Mandato, Jr., Anthony Palmisano, Robert Persinger, Frank Peyser, Charles Rice, Malcom Robertson, Gary Stewart, Robert Svhadolnik, Roland F. Vlizzi, Anthony Ward, and Brandon Williams filed a Collective Action Complaint (the "Complaint") on behalf of themselves as well as all other similarly situated individuals. (ECF Document No. ("DN") 1).  In the Complaint, Plaintiffs alleged that the City failed to include longevity pay in their regular rate of pay for purposes of calculating overtime.  On June 14, 2019, the City filed is Answer, denying the claims asserted and the allegations of the Complaint. (DN 5).

After the Complaint was filed, the parties engaged in informal discovery and settlement discussions.  During informal discovery, the City provided Plaintiffs' counsel with data showing the total hours worked and total additional amount allegedly owed, broken down by week, for each individual putative collective action member.  Between January and June 2020, the City provided this data over the time periods of mid-May 2017 to mid-May 2019 and Jan. 1, 2017 to mid-May 2019.

On January 22, 2020, the Court held a status conference during which the parties agreed to participate in mediation with Magistrate Judge Ruiz within 60 days.  Due to the COVID-19 pandemic, the Court ultimately rescheduled the mediation conference for July 22, 2020. (DN 15).

On June 18, 2020, in advance of the Court-imposed deadlines for submission of confidential settlement statements, demands, and responses, the parties reached an agreement in principle to settle the lawsuit.  The parties notified the Court on June 19, 2020 and, on June 29, 2020, filed a Stipulated Joint Motion to Conditionally Certify the Case as a Collective Action. (DN 16).

On January 19, 2021, the Court conditionally certified the following class of individuals:

> All current or former employees covered under any collective bargaining agreement between the City of Cleveland Heights and Laborers' Local 860, or its predecessor, who, between January 1, 2017 and May 17, 2019, worked more than 40 hours in a workweek one or more times and who are or were eligible for longevity payments.

(DN 18).  The City subsequently provided Plaintiffs' Counsel with a list of the remaining individuals who met this definition who had not previously opted into the lawsuit. The list the City provided included the last known address of these individuals.  Plaintiffs' counsel then provided notice of the lawsuit to those individuals along with instructions as to how to opt-into the Lawsuit. A total of 73 individuals (including named Plaintiffs) chose to opt into the lawsuit and consented to join the lawsuit as a party-plaintiff. In addition, all the opt-in Plaintiffs designated the named Representative Plaintiffs as their agents to make decisions on their behalf concerning the litigation.

## II.      THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

The FLSA's terms are mandatory and, outside of two circumstances, "are generally not subject to bargaining, wavier, or modification by contract or settlement." *Rotuna v. West Customer Mgmt. Group, LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, *12 (N.D. Ohio June 15, 2010). One circumstance in which the FLSA may be compromised occurs when "a court reviews

and approves a settlement in a private action for back wages under 29 U.S.C. §216(b)." *Id.* at \*12-13 (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

To approve a proposed FLSA settlement, the court must scrutinize it "for fairness, and determine whether the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Batista v. Tremont Enters.*, No. 1:19CV361, 2019 U.S. Dist. LEXIS 121658, \*2 (N.D. Ohio Jul. 22, 2019) (internal citation and quotations omitted).  In doing so, courts often analyze: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Herbert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, \*5-6 (S.D. Ohio Sept. 20, 2019).  However, the court has "'wide discretion' to weigh these factors." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, \*5 (N.D. Ohio Mar. 26, 2019) (*citing Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992)).

Here, the applicable factors demonstrate that the parties reached a fair and reasonable resolution of a bona fide dispute. A copy of the Joint Stipulation of Settlement and Release, and its Appendix, is attached as Exhibit A.  First, the risk of fraud or collusion is low, as the parties conducted arms' length negotiations between counsel experienced in FLSA litigation.  Moreover, those negotiations primarily occurred over a sixth-month period – between January and June 2020. Had the parties continued to dispute, rather than resolve, the matter, it would have resulted in time-consuming and extensive litigation.  In addition, by engaging in informal discovery at an early stage, the parties avoided the expense of significant written discovery, depositions, and motion practice.  Moreover, Plaintiffs were able to sufficiently investigate and evaluate their claims and

potential damages through the informal discovery[1] – the City disclosed the total hours worked and total additional amount allegedly owed, broken down by week, for each individual putative collective action member. It is undisputed this resulted in a full and fair investigation of the underlying claims. Nevertheless, while Plaintiffs believe that they would have ultimately prevailed in this matter, they recognized the inherent risk of continued litigation and a trial. *See Barnes*, 2019 U.S. Dist. LEXIS 65657 at *9-10 (factor weighed in favor of approving settlement).

The opinions and evaluations of the interested parties further demonstrate that the parties reached a fair and reasonable resolution.  First, Plaintiffs' counsel, who is also their union lawyer, is very experienced in FLSA litigation, and believes the settlement is fair, reasonable, and adequate. (Ex. B, Hymore Decl.). Moreover, the class representatives approve of the settlement and no absent putative class members have objected or voiced their displeasure with the settlement.  Finally, public policy favors settlement of class action litigations. *Barnes*, 2019 U.S. Dist. LEXIS 65657 at *11; *see also Rotuna v. West Customer Mgmt. Group, LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, *16 (N.D. Ohio June 15, 2010) ("such a ruling promotes the public's interest in encouraging settlement of litigation").

As part of this settlement, the City has agreed to pay, contingent upon the Court's approval, Plaintiffs' counsel's attorneys' fees and expenses in the amount of Ten Thousand Dollars ($10,000.00).  This agreed-upon amount was negotiated independently of the settlement payments to Plaintiffs.  In addition, it is not contingent upon, does not deduct from, and is not otherwise tied to the settlement amounts the Plaintiffs will receive.  When evaluating a proposed FLSA settlement, Courts have found that this distinction weighs in favor of approving the settlement of attorneys'

---

[1] "In considering whether there has been sufficient discovery to permit the plaintiffs to make an informed evaluation of the merits of a possible settlement, the court should take account not only of court-refereed discovery but also informal discovery in which parties engaged both before and after litigation commenced." *Barnes*, 2019 U.S. Dist. LEXIS 65657 at *7-8.

fees. *See Padilla v. Pelayo*, No. 3:14-cv-305, 2015 U.S. Dist. LEXIS 101801, *6 (S.D. Ohio Aug. 4, 2015) ("Understanding this compensation to be separate and independent of Plaintiffs' lost wages, the Court approves Defendants' settlement of attorney fees with Plaintiffs' counsel.")  Moreover, counsel for Defendant and Plaintiffs believe the agreed upon settlement amount of Plaintiffs' counsel's attorneys' fees is a reasonable one.

## III.    CONCLUSION

For all the foregoing reasons, the parties respectfully request that the Court approve the Settlement Agreement, specifically, the settlement allocations provided for therein as well as the request for attorneys' fees/costs and attached exhibits. A proposed order approving the Settlement Agreement and dismissing this case is attached as Exhibit C.  The parties will submit any further information that the Court deems necessary for approval of all terms of the Settlement Agreement. Respectfully submitted,

*/s/ Andrew J. Cleves* (per email consent)
Michael J. Frantz (0019418)
Andrew J. Cleves (0089680)
Jonathan M. Scandling (0093905)
**FRANTZ WARD LLP**
200 Public Square, Suite 3000
Cleveland, OH  44114
Telephone: 216-515-1660
Facsimile: 216-515-1650
mfrantz@frantzward.com
acleves@frantzward.com
jscandling@frantzward.com

*Attorneys for Defendant*

*s/Ryan K. Hymore*
Ryan K. Hymore (0080750)
**MANGANO LAW OFFICES CO., LPA**
3805 Edwards Road, Suite 550
Cincinnati, Ohio 45209
T:(513) 255-5888
F: (216) 397-5845
rkhymore@bmanganolaw.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The foregoing was filed electronically on March 29, 2021. Notice of this filing will be sent by the Court's electronic filing system to all parties to this action.

s/Ryan K. Hymore

_____

*One of the Attorneys for Plaintiffs*